In re MISSOURI PAC. R. CO.

THOMPSON v. TERMINAL SHARES, Inc., et al.

No. 6935.

District Court, E. D. Missouri, E. D.
Sept. 27, 1938.

See, also, 24 F.Supp. 724.

Jerome N. Frank, of New York City, and Ernest A. Green, of St. Louis, Mo., for plaintiff.

Samuel B. Jeffries, Arthur E. Simpson, and Paul F. Plummer, all of St. Louis, Mo., for defendant Benjamin F. Edwards.

Lon O. Hocker, of St. Louis, Mo., and William B. Cockley, of Cleveland, Ohio, for defendant O. P. Van Sweringen.

Lon O. Hocker, of St. Louis, Mo., and William B. Cockley, of. Cleveland, Ohio, for defendant Terminal Shares, Inc.

Lon O. Hocker, of St. Louis, Mo., and William B. Cockley, of Cleveland, Ohio, for defendant Alleghany Corporation.

Jacob M. Lashly, of St. Louis, Mo., for defendants Leonard P. Ayres, Alva Bradley, John Sherwin, Jr., and George A. Tomlinson.

Godfrey Goldmark, of New York City, I. N. Watson, Elton L. Marshall, and Henry N. Ess, all of Kansas City, Mo., and Edwin J. Bean, of St. Louis, Mo., for defendant Guaranty Trust Co. of New York.

MOORE, District Judge.

The Plaintiff, as Trustee for Missouri Pacific Railroad Company, a corporation, filed his petition in what he termed "an ancillary dependent suit" in the Missouri Pacific bankruptcy proceedings. pending in this court. This action was begun on July 9, 1936. The bill álleges the following facts as the basis for the action:

On December 31, 1930, Missouri Pacific made four contracts with Terminal Shares, Inc., a Delaware corporation. By the provisions of these contracts, Terminal Shares, Inc., agreed to sell and Missouri Pacific agreed to buy, when, as and if the Interstate Commerce Commission approved, capital stock and other securities representing in some instances the entire ownership, and in some instances a two-thirds ownership, in various Missouri corporations. These Missouri corporations own terminal properties, land, and other rights in and about St. Joseph, Missouri, and North Kansas City, Missouri.

By the terms of the contracts Missouri Pacific agreed to pay quarterly from March 1, 1931, to and including December 1, 1935, to Terminal Shares, Inc., the sum of $400,-000, pending approval of the purchase by the Interstate Commerce Commission, these payments to be deducted from the purchase price named in the contracts in the event that the sale to Missouri Pacific was completed. Pursuant to this provision, Missouri Pacific paid to defendant Guaranty Trust Company as agent for Terminal Shares eight quarterly installments or a total of $3,200,000, to and including December 1, 1932, since which date no further quarterly installments have been paid.

At the time of the execution of the contracts the defendant Alleghany Corporation, a Maryland corporation, owned a majority of the stock of Missouri Pacific, and all of the stock of Terminal Shares, Inc.

The petition alleges that defendant O. P. Van Sweringen and his brother M. J. Van Sweringen controlled Alleghany Corporation by stock ownership. It is alleged that defendant O. P. Van Sweringen has since May, 1930, been a director of Missouri Pacific Railroad Company and president and director of Alleghany Corporation and that the other individual defendants have since that date continuously been directors of Missouri Pacific. The President of Missouri Pacific was authorized to negotiate the contracts of December 31, 1930, by a resolu-

tion on which all of the individual defendants except O. P. Van Sweringen voted favorably. Mr. Van Sweringen had presided at the opening of the meeting but retired on the consideration of the negotiations. It is charged that each of the individual defendants acted according to the instructions of Alleghany Corporation and in disregard of the interest of Missouri Pacific and that they had knowledge of all the facts alleged in the petition.

It is alleged that the four contracts of December 31, 1930, are not binding upon Missouri Pacific because of the alleged abuse by Alleghany Corporation of its control through stock ownership, of both parties to the contracts. The petition alleges, furthermore, that the contracts were ultra vires of Missouri Pacific, that they violated Section 10 of the Clayton Act, 15 U.S.C.A. § 20, and that they required the approval of various state and federal authorities which was not secured.

The plaintiff alleges that he is entitled to an accounting from the defendants jointly and severally for all the moneys paid on account of the contracts of December 31, 1930. The relief sought by the bill is a judgment against the defendants jointly and severally in the sum of $3,200,000 with interest.

It is not alleged in the bill that any of the defendants have at the present time property belonging to the plaintiff either in law or in equity. While payments were made to Guaranty Trust Company pursuant to the contract it is not alleged that the money is still in their hands. Therefore, quite aside from the prayer for personal relief it is clear that this is an action in personam only.

All of the defendants are non-residents of the State of Missouri and do no business in the State of Missouri. All of the individual defendants are residents and citizens of the State of Ohio. Terminal Shares, Inc., is a Delaware corporation, Alleghany Corporation is a Maryland corporation, and Guaranty Trust Company of New York is a New York corporation.

Under special appearances defendants, all non-residents of the district, filed separate motions to vacate the orders for service and to quash the service of process.

For the reasons assigned in the opinion this day filed in the ancillary dependent bill in equity filed in the same proceedings,

the motions of the several defendants to vacate the order for service of process and to quash the service of process should be sustained, and it is so ordered.